UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
HAIN CAPITAL INVESTORS MASTER FUND, LTD.,

                Plaintiff,                     Case No. 20-cv-2090

   -against-                            **COMPLAINT**

RIO SUL S.A. DE C.V.

                Defendant.
-------------------------------------------------------------------x

     Plaintiff, Hain Capital Investors Master Fund, Ltd.  ("Hain" or "Plaintiff"), by its attorneys, Ballon Stoll Bader & Nadler, P.C., complains of Defendant, Rio Sul S.A. de C.V. ("Rio Sul" or "Defendant"), as follows:

## Nature Of The Case

    1.     This is an action brought by Plaintiff to enforce its rights against Defendant pursuant to that certain Assignment of Claim dated February 28, 2019 (the "Assignment of Claim") between the two parties.

    2.     Plaintiff seeks damages as well as interest, attorneys fees, expenses, and appropriate legal and equitable relief.

## Jurisdiction and Venue

    3.     Jurisdiction over Plaintiff's claims is invoked pursuant to 28 U.S.C. § 1332(a).

    4.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) and paragraph 10 of the Assignment of Claim.

## The Parties

    5.     Plaintiff is a hedge fund formed under the laws of the Cayman Islands.

    6.     Plaintiff's principal place of business is located at 301 Route 17, Seventh Floor,

Rutherford NJ 07070.

7.     Upon information and belief, Defendant is a corporation formed under the laws of Mexico with offices at Antiguo Camino a la Resurreccion 10610-A, Santa Rosa, Puebla C.P 72228 Mexico.

### Bankruptcy of Sears Holdings Corp.

8.     On October 15, 2018, Sears Holdings Corporation and its affiliates filed for relief under Chapter 11 of Title 11 of the United States Code.  The case is pending in the United States Bankruptcy Court for the Southern District of New York, Case No. 18-23538 (the "Sears Debtor").

9.     Upon information and belief, Defendant is a manufacturer of cotton and denim products.

10.     Upon information and belief, Defendant supplied jeans to the Sears Debtor for several years prior to the filing of bankruptcy by the Sears Debtor.

11.     On January 9, 2018, Defendant filed a proof of claim in the Sears Debtor's bankruptcy case, Claim No. 7569, in the amount of $1,978,319.72 (the "Rio Sul Claim").

12.     The Rio Sul claim consists of: an administrative claim in the amount of $447,350.52 under 11 U.S.C. Sec. 503(b)(9) (the "Rio Sul Administrative Claim"), and a general unsecured claim in the amount of $1,530,969.20 (the "Rio Sul Unsecured Claim").

13.     On or about February 28, 2019, Defendant sold and transferred the Rio Sul Administrative Claim to Hain pursuant to the Assignment of Claim.

14.     On February 26, 2019, Defendant amended and refiled its general unsecured claim as Claim No. 8877.

15.     The Rio Sul Administrative Claim that was transferred to Hain was filed at Claim

No. 8878.

## Relevant Provisions of Assignment of Claim

16.     Pursuant to the Assignment of Claim, Defendant represented and warranted that

the Rio Sul Administrative Claim is not

> subject to any defense, claim, counterclaim, or right of setoff, reduction, impairment, avoidance, disallowance, disgorgement, recoupment, subordination, preference action … or fraudulent conveyance claim (the occurrence of any of the foregoing, an "***Impairment***"), in whole or in part….

Assignment of Claim para. 4(h) (emphasis in original).

17.     The Assignment of Claim further provides, <u>inter alia</u>,

> In the event that (A) all or any part of the Claim is or becomes subject to any Impairment, … (C) the Claim is objected to, (D) the Seller breaches any of its representations or warranties set forth in this Agreement, the result of which results in any of the events described in subclauses (A) through (C) of this Section 5, or (E) all or any part of the Claim is, or is threatened to be, classified as other than an administrative priority claim in the Case for any reason whatsoever, (collectively, a "***Disallowance***"), on written demand of Assignee (the "***Demand***"), Assignor shall, at Assignee's option, either (a) immediately repay such portion of the consideration paid by Assignee hereunder as shall be calculated by multiplying the amount of the Claim so affected by such Disallowance, by the repurchase rate set forth on Schedule 2 (the "***Repurchase Rate***"), together with interest thereon at a rate equal to 5%, from the date of this Assignment to the date of such repayment by Assignor to Assignee (collectively, the "***Repayment Amount***")….

Assignment of Claim para. 5 (emphasis in original).

18.     On September 26, 2019, the Sears Debtor filed the Debtors' Tenth Omnibus

Objection to Proofs of Claim (to Reclassify Certain Claims) ("<u>Tenth Omnibus Objection</u>"), ECF

No. 5237, wherein the Sears Debtor seeks to reclassify $373,976.92 of the Rio Sul

Administrative Claim as a general unsecured claim.

## Hain's Demand Letter

19.     On October 7, 2019, Plaintiff wrote a letter to Defendant demanding payment of $319,627.82 (the "Repurchase Price") consisting of (a) $310,400.84, which is the purchase price for the $373,976.92 portion of the Rio Sul Administrative Claim subject to the Tenth Omnibus Objection, plus (b) $9,226.98 interest calculated at 5% per annum from March 4, 2019 to October 7, 2019.

20.     Defendant has failed to pay the Repurchase Price to Plaintiff.

21.     Defendant is therefore indebted to Plaintiff in the amount of the Repurchase Price, plus additional interest and expenses.

## AS AND FOR A FIRST CAUSE OF ACTION

(Breach of Contract)

22.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 of this Complaint as though fully set forth in this paragraph.

23.     The Assignment of Claim is a valid, enforceable agreement between Plaintiff and Defendant.

24.     The Rio Sul Administratve Claim is currently subject to an Impairment, as that term is defined in the Assignment of Claim.

25.     The Rio Sul Administrative Claim has been objected to.

26.     Defendant breached its representations and warranties under the Assignment of Claim, and as a result there exists events described in subsections (A) through (C) of section 5 of the Assignment of Claim.

27.     The Rio Sul Administrative Claim is currently subject to a Disallowance, as that term is defined in the Assignment of Claim.

4

28.     Plaintiff has performed all of its obligations to Defendant in accordance with the Assignment of Claim.

29.     Plaintiff has issued a written demand to Defendant for payment of the Repurchase Price (in the amount of the "Repayment Amount" as that term is defined in the Assignment of Claim).

30.     Defendant breached the Assignment of Claim by failing to pay Plaintiff the Repurchase Price.

31.     Plaintiff has been injured by Defendant's' unlawful breach of contract.

32.     By reason of the foregoing, Plaintiff is entitled to and demands judgment against Defendant, in the amount of the Repurchase Price plus interest, attorneys fees and expenses.


## AS AND FOR A SECOND CAUSE OF ACTION

### (Unjust Enrichment)

33.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint as though fully set forth in this paragraph.

34.     Plaintiff performed pursuant to the Assignment of Claim and in doing so conferred value and benefits to Defendant.

35.     As a result of Defendant's failure to pay Plaintiff the Repurchase Price in accordance with the Assignment of Claim, Defendant has been wrongfully and unjustly enriched and received a benefit from Plaintiff to which it is not lawfully entitled.

36.     As a result of the unjust enrichment, Defendant is liable to Plaintiff in the amount of the Repurchase Price plus interest, attorneys fees and expenses.

## AS AND FOR A THIRD CAUSE OF ACTION

(Account Stated)

37.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 of this Complaint as though fully set forth in this paragraph.

38.     By reason of the foregoing an account was taken and stated between Plaintiff and Defendant in the amount and sum of the Repurchase Price plus interest.

39.     Defendant has not paid to Plaintiff any part of the Repurchase Price plus interest, although payment has been duly demanded.

40.     By reason of the foregoing, Defendant is liable to Plaintiff in the amount of the Repurchase Price plus interest, attorneys fees and expenses.


**WHEREFORE,** Plaintiff demands judgment against Defendant, as follows:

A.     On the First Cause of Action awarding compensatory damages in the amount of $310,400.84;

B.     On the Second Cause of Action awarding compensatory damages in the amount of $310,400.84;

C.      On the Third Cause of Action awarding compensatory damages in the amount of $310,400.84;

D.     On all Causes of Action awarding pre-judgment interest at the contractual rate of 5% per annum;

E.     On all Causes of Action awarding the costs and expenses of this action, and reasonable attorneys' fees;

F.     Granting such other and further relief as this Court deems just, proper and

equitable.


Dated: New York, New York
March 9, 2020


                                        BALLON STOLL BADER & NADLER, P.C.

                                        By: ___/s/ Vincent J. Roldan_____
                                              Vincent J. Roldan (VR 7450)
                                              729 Seventh Avenue, 17th Floor
                                              New York, New York 10019
                                              Tel: (212-575-7900)

                                        Counsel to Hail Capital Investors Master Fund, Ltd.